Mr. Chief Justice ShaRKey
delivered the opinion of the court.
Orr filed this bill in the vice-chancery court to perfect his title to a quarter section of land, the legal title to which is held by Edmondson. It seems that the land had originally belonged to *543 the Union Bank of Tennessee; that Albert H. Wynne, in 1841, was was duly appointed attorney of the bank to sell and convey this and other land in this state; and in 1843, Wynne sold the land in question to complainant Orr, and executed a deed, which is said to be defective as a conveyance from the corporation, and is in fact only a deed from W ynne as an individual. As the deed is short, enough of it may be extracted to explain its character. It begins thus : “I Albert H. Wynne, atto. in fact for the President, Directors and Company of the Union Bank of Tennessee, have this day, for and in consideration, &c., sold to Washington Orr a certain tract of land,” describing the land. The warranty runs thus : “ And the said Albert H. Wynne, as atto. aforesaid, covenant and agree to and with the said Orr, on behalf of the said President and Directors, to warrant and forever defend the title,” &c., and it is signed “Albert H. Wynne, atto. in fact for the Union Bank of Tennessee,” and sealed with a scroll. Some time after Wynne sold to complainant, to wit, in 1844, the bank appointed another attorney, who sold the land to Edmondson by proper conveyance, and now the complainant seeks to compel Edmondson to convey to him, on the ground of his prior equitable title. The bill alleges that complainant went into possession immediately after his purchase, and has continued in .possession, making valuable improvements, and that Edmondson purchased with notice, derived from the registration of the deed from Wynne, and from the possession of complainant, and that Edmondson has commenced an action of ejectment for the land. There was a demurrer for want of equity on the face of the bill, which was overruled by the vice-chancellor, and thereupon the appeal was taken.
We need not enter minutely into a consideration of the sufficiency or insufficiency of the deed from Wynne; its insufficiency is admitted by the complainant’s counsel, and indeed it constitutes the whole groundwork of the suit. Still, if it should be obviously sufficient as a legal conveyance from the corporation, there is no cause of a resort to a court of chancery. Conveyances made in this way by the attorney of a natural person, are generally considered insufficient; the conveyance should *544 profess to be made by the principal, and the name of the principal should be signed as by the attorney, unless it be in the execution of a specific or bate act. Paley on Agency, 152, 153. And the same form seems to be necessary with regard to corporations. Angelí & Ames on Corporations, 115, 167, 168. This position of the authors is predicated on a decision in Ohio, and it is probably the law. At all events, as both parties admit, and indeed contend, that the deed was not well executed, we shall take it for granted that it falls within the rule which declares, that deeds executed by agents without the proper forms are inoperative.
On the equity of this bill there seems to be no room for doubt. It presents a fair case for the interposition of a court of equity in aid of the defective execution of a power. In the first place, Wynne was appointed for the purpose of selling the land of the bank, and duly empowered to do so. He contracted with the complainant to sell him the land in question for a valuable con-, sideration. He was thus under a moral and a legal obligation to the complainant to convey to him by valid deed. He did undertake to convey by a proper instrument, a deed. There was more than a mere floating intention to execute the power ; there was an act done towards its execution, and that act is referable to the authority; it professes to be in virtue of the authority. There is no mistaking the object of the agent; the intention is apparent. The defect is merely in the manner of executing a proper instrument. The complainant is a bona fide purchaser, from one authorized to sell, and he has a conveyance, expressing to have been made under the power, but it is defective. So far, then, his case seems to be such as will always entitle a party to the aid of a court of equity. Story’s Equity, § 169 -179. But he is seeking this remedy against one who is also a purchaser. He must present a superior equity, or he cannot succeed. The bill charges Edmondson with notice, derived from the registered deed, and also from the possession of the' complainant. But it is said, that the registry of such a deed was not constructive notice. How far this position is sustained we need not now inquire. Possession has been held to be *545 equivalent to notice, and this is distinctly averred from the time Wynne conveyed to complainant. It was therefore incumbent on the respondent to answer the bill. At least the demurrer for want of equity was not well taken, but we do not mean to decide on any other question. If the demurrer had been differently framed, perhaps we should have been obliged to sustain it on a different ground. Story’s Eq. Plead. § 543.
Decree affirmed and cause remanded.